In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00280-CV**

**IN RE SILURIA (ASSIGNMENT FOR THE BENEFIT OF CREDITORS), LLC**

_____

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 21-03-03166-CV**

_____

**MEMORANDUM OPINION**

Siluria (assignment for the benefit of creditors), LLC, ("Siluria ABC") petitioned for a writ of mandamus to compel the trial court to enforce a contractual jury waiver in an interpleader action over disputed escrow funds. We temporarily stayed the trial and requested a response from the Real Party in Interest, Lummus Technology, LLC ("Lummus").

The parties memorialized their agreement in two documents executed simultaneously. The Asset Purchase Agreement states that the agreement shall be governed by and construed in accordance with California law and states that "[a]ll

claims and disputes arising under or in connection with this Agreement[]" shall be "adjudicated exclusively" in California and "each party waives its right to a trial by jury of any such claims or disputes." The Escrow Agreement expressly permits the escrow agent to petition to interplead the escrow funds in a court in Montgomery County, Texas, and provides that the escrow agreement is governed, interpreted and enforced in accordance with the laws of the State of Texas. The Escrow Agreement does not contain a jury waiver. Both agreements provide that the two agreements constitute their entire agreement.

Siluria ABC argues the claims over the disputed funds fall within the expansive scope of the jury waiver in the governing law provisions of the Asset Purchase Agreement. Lummus argues the governing law provisions contained in the Asset Purchase Agreement and the Escrow Agreement diverged regarding disposition of the escrow funds under the Escrow Agreement.

"[A]greements executed at the same time, with the same purpose, and as part of the same transaction, are construed together." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). In *Prudential*, the guaranty agreement incorporated the jury waiver in the parties' lease. *Id.* Here, the Asset Purchase Agreement expressly provided for California choice of law and forum and waived trial by jury for any disputes arising in connection with the parties' agreement, but the interpleader action authorized by the Escrow Agreement

2

expressly provided for Texas choice of law and forum without a jury waiver. In the Interpleader action, neither party has asserted any claims under the Asset Purchase Agreement. Thus, *Prudential* is distinguishable from the facts before this court.

After reviewing the mandamus record, we conclude the relator has not shown that the trial court clearly abused its discretion by refusing to find a jury waiver. Accordingly, we lift our stay order of August 31, 2022, and deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on September 12, 2022
Opinion Delivered October 20, 2022

Before Kreger, Horton and Johnson, JJ.